FILED
BILLINGS DIV.

2010 SEP 21 AM 8 40

PATRICK E. DUFFY, CLERK

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 06-12-BLG-RFC |
|---|---|
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE |
| DANIEL WAYNE HARVEY, | OF APPEALABILITY |
| Defendant/Movant. | |

On August 10, 2010, Defendant/Movant Daniel Wayne Harvey ("Harvey"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The sentence he challenges was imposed following revocation of supervised release for the second time.

On October 28, 2009, Harvey was sentenced to serve 24 months in prison because he violated the conditions of his supervised release by drinking, failing to notify his probation officer of a contact with law enforcement, lying to his probation officer, and failing to report a change of address. No term of supervised release was

ORDER DENYING § 2255 MOTION AND DENYING
CERTIFICATE OF APPEALABILITY / PAGE 1

imposed to follow Harvey's incarceration. Second Revocation Tr. (doc. 50) at 3:22-5:15; Judgment (doc. 44) at 1-3. The first revocation occurred on July 2, 2008, when Harvey violated the condition that he not drink. Judgment (doc. 32) at 1-3.

Harvey asserts that his attorney was ineffective in the second revocation proceeding because he did not request time in a pre-release center as part of the sentence. He explains that, when he nears the end of his prison term, he will be transferred to a pre-release center for sixty to ninety days. That, he says, is not enough time to ensure that he will "get a good start" and find a place to live. Mot. (doc. 53) at 4-5.

The only way for a sentencing court to ensure a defendant spends a particular period of time in a pre-release center is to impose community confinement as a condition of supervised release. Harvey has shown that he simply would not benefit from that option. He had two good starts on the other two occasions when he was released from prison. He failed to take advantage of either one. The last time he was released from prison, Probation Officer Waller:

> immediately started working with the Boyd Andrew Community Treatment Center in Helena, as well as the Fort Harrison VA, to get him into mental health and chemical dependency treatment. I think, according to Mr. Waller, he also worked extremely hard to get the defendant into God's Love Homeless Shelter, where he could be within walking distance of treatment as well as Job Services. *Two weeks* into

the process, the defendant began consuming alcohol and, soon after, was asked to leave the homeless shelter, and he absconded. Mr. Harvey has been on the run for the last four months.

Second Revocation Tr. at 12:10-20 (emphasis added).

Defense counsel asked the Court to "let Dan Harvey get on with his life." Id. at 9:14-15. That was the only reasonable request he could have made under the circumstances. The Probation Office's efforts obviously did not help Mr. Harvey. The last option the Court had was to impose a prison sentence long enough to allow him to participate in BOP programs to address his drinking. Beyond that, there is nothing more this Court can do that has not already been done to help him solve his problem.

Had Harvey's counsel requested additional time in a pre-release center, his request would not have been granted. Therefore, Harvey was not prejudiced, nor was his counsel's performance deficient. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); see also United States v. Musa, 220 F.3d 1096, 1102 (9th Cir. 2000).

A certificate of appealability is not warranted because Harvey has shown neither deficient performance by counsel nor prejudice. The option Harvey claims was not considered was, in fact, considered. He is not amenable to supervision. There is no room for reasonable jurists familiar with the record of this case to

disagree. Rule 11(a), Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Harvey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 53) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Harvey files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-97-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Harvey.

DATED this 21st day of September, 2010.

Richard F. Cebull, Chief Judge
United States District Court